IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>OLIVIA TAMAYO,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>HARRIS FARMS, INC.,<br><br>Defendant. | CIV F 02-6199 AWI LJO<br><br>ORDER MOVING HEARING ON PLAINTIFF-INTERVENOR'S MOTION FOR ATTORNEYS FEES AND PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |

Currently pending before the court is Plaintiffs's motion to amend judgment to include equitable relief, that is, injunctive relief. Injunctive relief may be appropriate to remedy past discrimination and to prevent future acts of discrimination from occurring. See Abermarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975); Bouman v. Block, 940 F.2d 1211, 1233 (9th Cir. 1991). Plaintiffs's basis for the requested injunctive relief is evidence adduced at trial, which covered events up to March 2001. Defendant has submitted an opposition to Plaintiffs's motion and has submitted documentation that relates to past investigations, the current employee handbook, various safety meeting sign-in sheets, various handouts, etc. The documentation appears to be in part documents that were excluded in rulings on motions in limine relating to the

liability/damages phase of the trial. Most of Defendant's submitted documentation, however, extends only to 2002. Additionally, the significance of some of the submitted documentation is unclear, including "bare" sign-in sheets for safety meetings and documents bate stamped 1067-1073. As it is now 2005, the Court believes that additional information regarding the more current situation at Harris Farms is necessary in order to determine what injunctive relief may or may not be appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant shall submit additional evidence, including but not limited to declarations, that outline and describe the current practices and procedures that Defendant utilizes to investigate claims of sexual harassment, when the practices and procedures were adopted, who is in charge of investigations, and that person's qualifications;

2. Defendant shall submit additional evidence, including but not limited to declarations, that outline and describe the current practices and procedures that Defendant utilizes to deter sexual harassment and educate both managerial and "lower level" employees about sexual harassment, including when the practices and procedures were adopted, when and how often education/deterrence programs occur, and a description of the content of handouts or programs used to deter and educate;

3. Defendant may also submit additional current evidence that is material to Plaintiffs's request for injunctive relief;

4. Defendant shall file the above described materials by 4:00 p.m. on September 14, 2005;

5. Plaintiffs may file a response to Defendant's additional information by 4:00 p.m. on September 21, 2005;

2

6. The hearing on Plaintiffs's Motion to Amend Judgment will be Monday, September 26, 2005, at 1:30 p.m.

IT IS SO ORDERED.

**Dated:   August 30, 2005**              _____/s/ Anthony W. Ishii_____
0m8i78                                    UNITED STATES DISTRICT JUDGE

3