**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>OLIVIA TAMAYO,<br><br>　　　　Plaintiff-Intervenor,<br><br>　　　　v.<br><br>HARRIS FARMS, INC.,<br><br>　　　　Defendant. | CIV F 02-6199 AWI DLB<br><br>**ORDER ON PLAINTIFF-INTERVENOR'S APPLICATION FOR APPROVAL OF A QUALIFIED SETTLEMENT FUND** |

　　　　On October 15, 2008, Plaintiff-Intervenor Olivia Tamayo filed an amended application for the establishment of a Qualified Settlement Fund ("the fund") under 26 U.S.C. § 468B. The Court would maintain jurisdiction over the fund, receive updates from the trustee, and approve disbursements from the fund. The beneficiaries of the proposed fund are Tamayo and her two attorneys.

　　　　However, after a jury trial, this Court entered judgment in favor of Tamayo in 2005. This Court also awarded attorneys' fees in 2006. The Ninth Circuit affirmed the judgment of this Court in all respects on April 17, 2008, and the Court of Appeals's mandate issued on June 9, 2008. The Ninth Circuit did not remand the case to this Court. Tamayo has filed no motion under the Federal Rules of Civil Procedure. It is true that the Court has the inherent authority to

enforce its judgments, see <u>Sukumar v. Direct Focus, Inc.</u>, 224 Fed.Appx. 556, *9 (March 9, 2007), but Tamayo's application does not appear to be an attempt to enforce the judgment as there is no indication that Defendant Harris Farms refuses to pay the judgment. Since the case is closed, it is not clear to the Court at this time that it has the power to create the fund. Further, the application is made by Tamayo only. The application indicates that Harris Farms will pay money and indicates that Harris Farms will benefit from the tax status of the fund. However, Harris Farms has not indicated its agreement to the establishment of the trust. It also is not clear whether the creation of the fund was a condition of a formal settlement agreement between the parties. These concerns prohibit the Court from granting Tamayo's application at this time.[1]

Accordingly, IT IS HEREBY ORDERED that Plaintiff-Intervenor's application for the creation of a qualified settlement fund is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   October 21, 2008**          /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Additionally, the beneficiaries of the fund are listed as Tamayo and her two attorneys. Tamayo was awarded attorneys' fees in this case. While Tamayo clearly had claims against Harris Farms, it is unclear whether Tamayo's attorneys can be considered claimants against Harris Farms (i.e. should the attorneys be beneficiaries to this settlement fund?).