IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>OLIVIA TAMAYO,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>HARRIS FARMS, INC.,<br><br>Defendant. | CIV F 02-6199 AWI DLB<br><br>ORDER CLARIFYING PROCEDURES REGARDING THE QUALIFIED SETTLEMENT FUND |

On October 30, 2008, this Court signed an order approving the creation of the Olivia Tamayo Qualified Settlement Fund (the "QSF").[1]  See Court's Docket Doc. No. 395.  On November 13, 2008, the Court received an e-mail from Tamayo's counsel's office seeking clarification regarding distributions from the QSF.  The Court responded, but then received an e-mail from the QSF trustee seeking further clarification.  In light of the trustee's e-mail, further clarification is necessary.

The QSF states: "The Trust shall distribute the Corpus to Beneficiaries as determined by the Trustee and approved by the Court.  The timing of distributions shall be determined solely by

---

[1] The Court had previously denied a prior application for the creation of a qualified settlement fund.  See Court's Docket Doc. No. 391.

the Trustee as approved by the Court.  The distribution may be made solely by lump sum cash payment, or it may involved structured settlement payments." Court's Docket Doc. No. 392-2 at ¶ 6. The QSF is silent as to the method of obtaining approval from the Court.  To obtain Court approval, the Trustee may: (1) file a petition with the Court prior to making a distribution and wait for Court approval or disapproval; or (2) make a distribution and inform the Court of the distribution within fourteen (14) days so that the Court may approve or disapprove of the distribution.  Of course, the Trustee's rationale for a distribution should be explained.[2]

Additionally, the Trustee's e-mail indicates that the QSF could have a long duration.  It was the understanding of the Court that the QSF would in all likelihood have a short duration. Due to the Court's congested docket, if the Court's understanding about the short duration of the QSF was incorrect, then Plaintiff's counsel is to immediately inform the Court.[3]

IT IS SO ORDERED.

**Dated:   November 19, 2008**           /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Additionally, the Court notes that the only proposed distribution that has been brought to the Court's attention is a request by Tamayo's counsel's law firm.  That law firm is identified as a beneficiary of the QSF and certainly may request distributions.  However, the Court has been informed on several occasions that time has been of the essence due to the economic and medical situation of Tamayo.  Given these representations, it would seem that the first distributions should be to Tamayo.

[3] A precise time frame was not represented, but the Court should definitely be informed if the QSF is envisioned to last longer than 12 months.